# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**KENYON JOHNSON AND XAVIEN OSHEY**
**JOHNSON**                                          **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO.: 4:16-cv-00060-DMB-JMV**

**CAROLYN MCADAMS, JAMELL CALHOUN,**
**ANTIONE ANDERSON**                                  **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFFS' COMPLAINT

Defendants, Mayor Carolyn McAdams, Officer Jamell Calhoun, and Officer Antione Anderson, ("Defendants") by and through counsel, respond to Plaintiffs' Complaint in the above-referenced case as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants plead all applicable statutes of limitation.

### THIRD DEFENSE

To the extent Plaintiffs seek to sue Defendants in their individual capacities, they are entitled to qualified immunity from Plaintiffs' claims in that their conduct did not violate clearly established constitutional rights of which a reasonable person would have been aware.

### FOURTH DEFENSE

To the extent Plaintiffs seek to sue Defendants in their official capacities, the alleged deprivations of Plaintiffs' constitutional rights did not occur through, nor were they caused by, an established policy or custom of the City of Greenwood, Mississippi. Therefore, there is no municipal liability or official capacity liability under federal law.

**FIFTH DEFENSE**

It does not appear Plaintiffs have requested punitive damages. To the extent the Complaint may be construed as requesting punitive damages, punitive damages cannot be assessed against Defendants in their official capacities.

**SIXTH DEFENSE**

While denying that Plaintiffs are entitled to punitive damages, Defendant affirmatively pleads:

1.      Plaintiffs are not entitled to recover punitive damages because no legislation has been enacted authorizing punitive damages in this civil action or placing any limit on the amount of such damages which may be awarded.

2.      Plaintiffs are not entitled to recover punitive damages because the criteria used for determining whether and in what amount punitive damages may be awarded are vague and inconsistent, and thus violate the due process provisions of the Constitution of Mississippi of 1890 and the Constitution of the United States.

3.      Plaintiffs are not entitled to recover punitive damages because there exists no adequate procedure for post-trial review of an award of such damages, which absence violates the due process provisions of the Constitution of Mississippi and the Constitution of the United States.

**SEVENTH DEFENSE**

To the extent Plaintiffs' Complaint is construed to alleges state law claims, Defendants plead that they are entitled to all rights, immunities and privileges contained in Miss. Code Ann. § 11-46-1, et. seq., including, but not limited to all exemptions from liability set forth therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, as well as the fact that Plaintiffs are not entitled to a jury trial pursuant to said Act. Further,

2

Defendants plead that Plaintiffs failed to satisfy the statutory notice provisions contained in Miss. Code Ann. § 11-46-11, et seq.

## EIGHTH DEFENSE

Defendants reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## NINTH DEFENSE

Defendant reserves the right to rely on after-acquired evidence.

## ANSWER

Without waiving the foregoing affirmative defenses, Defendants respond to Plaintiffs' Complaint as follows.

III. Parties

A. Defendants admit one Plaintiff in this matter is Kenyon Johnson. Defendants are without sufficient information to admit or deny any other allegation contained within Paragraph III.A, and therefore deny the same.

III. Parties

A. Defendants admit one Plaintiff in this matter is Xavien Oshey Johnson. Defendants are without sufficient information to admit or deny any other allegation contained within Paragraph III.A, and therefore deny the same.

B. Defendant

Defendants admit Carolyn McAdams is the Mayor of the City of Greenwood and that her address is 101 West Church Street. Any other allegation contained in Paragraph III.B is denied.

C. Additional Defendants:

Defendants admit Jamell Calhoun and Antione Anderson are Police Officers in Greenwood, Mississippi. Any other allegation contained in Paragraph III.C is denied.

3

## IV.  Statement of Claim

Defendants admit officers responded to a disturbance involving Kenyon and Xavien Johnson on or about September 30, 2015.  Defendants admit further than Kenyon and Xavien Johnson have occasionally filed complaints against Greenwood Police Officers.  All other allegations contained within Paragraph IV are denied.

## V.  Witnesses

It does not appear Paragraph V contains any allegations to which Defendants are required to respond.  To the extent a response is required, any allegation contained within Paragraph V is denied.

## VI.  Documents

It does not appear Paragraph VI contains any allegations to which Defendants are required to respond.  To the extent a response is required, any allegation contained within Paragraph VI is denied.

## VII.  Injuries

Defendants deny Plaintiffs suffered the injuries alleged in Paragraph VII, or that Plaintiffs suffered any injury of any kind whatsoever.

## VIII.  Relief

Defendants deny Plaintiffs are entitled to any of the relief requested in Paragraph VIII or any relief of any kind whatsoever.

## IX.  Jury Demand

Defendants do not believe Paragraph IX contains any allegations to which Defendants are required to respond.  To the extent a response is required, any allegation contained in Paragraph IX is denied.

Defendants further deny any and all allegations not specifically admitted herein and deny all allegations contained within any supplemental pleadings or responses filed by Plaintiffs with the Court.

Having answered and asserted affirmative defenses, Defendants respectfully request this Court dismiss Plaintiffs' claims with prejudice.

THIS, the 20th day of May, 2016.

Respectfully submitted,

PHELPS DUNBAR LLP


BY:   /s/ A. Martin Edwards, IV
       Gary E. Friedman, MB #5532
       A. Martin Edwards, IV, MS Bar No. 104677
       4270 I-55 North
       Jackson, Mississippi 39211-6391
       Post Office Box 16114
       Jackson, Mississippi  39236-6114
       Telephone: 601-352-2300
       Telecopier: 601-360-9777
       Email: friedmag@phelps.com
            martin.edwards@phelps.com
       **ATTORNEYS FOR DEFENDANTS**
       **CAROLYN MCADAMS, JAMELL**
       **CALHOUN, AND**
       **ANTIONE ANDERSON**

PD.19450933.1

## CERTIFICATE OF SERVICE

I, A. MARTIN EDWARDS, IV, do hereby certify that I electronically filed the foregoing *DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT* with the Clerk of the Court using the CM/ECF system and I hereby certify I forwarded, via United States mail, postage prepaid, a true and correct copy of the above and foregoing document to the following non-ECF participants:

Keynon Johnson
314 West Henry St., Apt. 4
Greenwood MS 38930

Xavien Johnson
Xanien Oshey Johnson
314 West Henry St., Apt. 4
Greenwood MS 38930

*PRO SE PLAINTIFFS*

THIS, the 20th day of May, 2016.

*/s/ A. Martin Edwards, IV*_____
A. MARTIN EDWARDS, IV

PD.19450933.1