**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

KEYNON JOHNSON and XAVIEN OSHEY
JOHNSON                                                                                                  **PLAINTIFFS**

VS.                                                                        CIVIL ACTION NO.: 4:16-cv-60-JMV

CAROLYN MCADAMS, ET AL.                                                                **DEFENDANTS**

## ORDER

This matter is before the court on the motion of the *pro se* Plaintiffs seeking to amend their 42 U.S.C.A. § 1983 form complaint to add a claim for punitive damages in the collective total of $5.23 billion dollars from the city of Greenwood [19].[1]

Although the court is mindful of its responsibility to liberally construe pleadings of *pro se* litigants, where a proposed amendment is futile, the amendment may be denied. *See Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999))). In the instant case, the original complaint alleges that on a date certain one of the Defendant officers verbally threatened the plaintiffs by stating, "he didn't care about our gay ass and that someone needs to kill our gay ass." The complaint also alleges that the "officer tried to force us to have sex with them" for which they seek "a judgment of sexual assault." The Plaintiffs allege that this has resulted in their mental distress. As concerns the mayor, the Plaintiffs allege in their complaint that she refused to do anything to the officers when they complained of this and past unspecified conduct.

---

[1] Notably, the city itself is not named as a defendant. The Plaintiffs do not identify whether they are suing the officers and mayor in their official or individual capacities.

As will be further explained in the court's order on the Defendants' motion for judgment on the pleadings [22], allegations of verbal threats do not give rise to a cognizable claim over which this court has jurisdiction. The allegation that an unidentified "officer tried to force them to have sex with them" is utterly lacking in any factual detail to support what is an entirely conclusory assertion. As will also be explained in the aforementioned order, the *pro se* Plaintiffs will be permitted an opportunity to amend their complaint to identify the facts and circumstances which they contend amounted to the Defendant officers trying to force them to have sex with them and/or to otherwise state a claim over which this Court has jurisdiction. As it stands now, however, amending the original complaint to add an utterly unrealistic damage demand would be futile.

**SO ORDERED**, this the 2nd day of August, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**