IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KEYNON JOHNSON and XAVIEN OSHEY
JOHNSON                                                                                              PLAINTIFFS

VS.                                                            CIVIL ACTION NO.: 4:16-cv-60-JMV

CAROLYN MCADAMS, ET AL.                                                              DEFENDANTS

## ORDER

On June 23, 2016, the Johnsons moved this Court for a preliminary injunction or temporary restraining order restricting the entire Greenwood Police Department –not a party to this action – from coming "within 500 to 1,000 yards" of the Johnsons. Motion [19] at 2.

**A. The Johnsons' allegations in support of their request for an injunction**

The Johnsons' allege generally that police officers "follow[...] [them] every day" and "sit[...] outside of [Kenyon's] house at night, watching [his] window," which leads the Johnsons to fear the police intend to harm them. In addition, they allege the Greenwood Police are "harassing" them.

Specifically, the Johnsons allege that on May 24, 2016, Officers Calhoun and Anderson harassed them about this lawsuit and threatened that they or Mayor McAdams would pay other officers to lie on their behalf. The Johnsons finally assert that Officer Calhoun and Officer Anderson are "trying to get someone to kill [them] because [they] are gay and [they] are married" and that Mayor McAdams "will not see [them] because [they] are gay. The Johnsons claim that the harassment has been ongoing for over six years.

**B. Law**

A preliminary injunction is an extraordinary remedy that should not be granted unless its proponent clearly shows: (1) a substantial likelihood that he will prevail

1

on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*See Google, Inc. v. Hood*, 2016 WL 2909231,*5 (5th Cir. May 18, 2016) (internal quotation marks and citation omitted).

**C. Analysis**

In the instant case, the Johnsons have made no showing of a substantial likelihood of success on the merits. Indeed, aside from making conclusory allegations, they have not even pled enough specific facts in their motion for injunctive relief from which a viable claim can be derived.

In addition, there has been no showing that the Plaintiffs are likely to suffer irreparable injury absent an injunction. On the contrary, they claim that the harassment complained of has been ongoing for over six years. Furthermore, during that time, the Johnsons have apparently themselves requested that the Greenwood Police Department come to their aid or home on multiple occasions. According to the records of the Greenwood Police Department, the Johnsons have most recently requested aid on May 29, 2016, June 18, 2016, and again on June 23,2016—the same day the Johnsons filed their request for an injunction.

Further, there has been no showing that the alleged threatened injury to the Plaintiffs outweighs the harm that would befall the Greenwood Police Department and citizenry if the Greenwood Police Department could not respond to 911 calls of unlawful conduct involving or in close proximity to the Plaintiffs, no matter their location.

For the forgoing reasons and those further set forth in the Defendants' response to the request for injunctive relief [27], the motion will be denied.

SO ORDERED, this the 2nd day of August, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**