IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEYNON JOHNSON and XAVIEN OSHEY**
**JOHNSON**                                                                                    **PLAINTIFFS**

**VS.**                                                         **CIVIL ACTION NO.: 4:16-cv-60-JMV**

**CAROLYN MCADAMS, ET AL.**                                                           **DEFENDANTS**

## ORDER

This matter is before the court on Defendants' Motion for Judgment on the Pleadings [22], filed July 5, 2016.[1] Plaintiffs have filed no opposition to said motion. For the reasons stated herein, the court finds that the claims asserted in the original complaint filed by Plaintiffs fail to state a cognizable federal cause of action under Fed. R. Civ. Pro. 12(b)(6); however, because of the Plaintiffs' *pro se* status, the court will permit the Plaintiffs a further opportunity to amend their allegations regarding events occurring on September 30, 2015, so as to actually state a cause of action over which this Court has jurisdiction.

## Facts

The facts as alleged by Plaintiffs in their original complaint [1] and taken as true for purposes of the instant motion are as follows:

> On Tuesday September 30, 2015 I Kenyon Johnson was at the 200 East Johnson when I called the police department about an unknown male subject who was trying to fight my husband. When Officer Jamell Marquis Calhoun, Sr. arrived on the scene I being[sic] to tell him what happen[ed] for me to call the police. I told the officer that the unknown subject said that he will hit my husband in his face.

---

[1] On this day, the court has earlier entered an order [43] granting Plaintiffs' Motion to Amend/Correct Complaint [21]. Accordingly, this motion for judgment on the pleadings has been converted to a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss claims brought in the original Complaint [1].

1

> Then officer Jamell Calhoun said that he didn't care about our gay ass and that someone needs to kill our gay ass. Then I went to the Mayor['s] office to do a complaint with her and she told me to leave her office that she will support her police officer. I told her [ever since] I moved here in 2014 I have been [harassed] by the police department. I have filed 20 complaints against the police department and have nothing been done about it. The police officer tr[i]ed to force us to have sex with them.

Complaint [1] at 3.

The Johnsons claim emotional distress, hardship, and mental distress resulted from this event, and demand damages for pain and suffering, harassment, and sexual assault.

## Law

### A. The Fed. R. Civ. Pro. 12(b)(6) Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint has the required "facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To that end, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Likewise, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### B. Plaintiffs' *Pro Se* Status

The court acknowledges its obligation to liberally construe the pleadings of a lay people, like the Plaintiffs, when they are proceeding in a case without benefit of counsel. *Haines v.*

*Kerner*, 404 U.S. 519 (1972).  Nonetheless, *pro se* litigants are not excused from providing a sufficient factual basis for their claims.  *See Cotton v. United States*, 2008 WL 410648, *4 (N.D. Miss. Feb. 12, 2008).

## Analysis

### A. Verbal Threats and Slurs

#### 1. Officer Calhoun

Plaintiffs' first factual allegation against Defendants is that Officer Calhoun stated to them: "that he didn't care about [their] gay ass and that someone needs to kill [their] gay ass." Essentially, Plaintiffs are alleging Officer Calhoun verbally harassed them and arguably threatened them with harm.  The Fifth Circuit, along with numerous district courts and sister courts of appeal, hold that threats, admonitions, and verbal harassment do not state a claim for a constitutional violation.  *See Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995).

"Our circuit has recognized as a general rule that 'mere threatening language and gestures of a custodial office [r] do not, even if true, amount to constitutional violations.'"  *Id.*; *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998 (1983) (quoting *Coyle v. Hughs,* 436 F. Supp. 591, 593 (W.D. Okla. 1977)); *accord Johnson v. Glick,* 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not comprise a § 1983 violation), *cert. denied,* 414 U.S. 1033 (1973).  A recent case from a sister district court held that threats by corrections officers to fabricate reasons to punish inmate, drug him, kill him, and kill his dog, along with harassment such as calling him a "bitch" and a "faggot," did not state a claim under Section 1983.  *See Black v. Butler*, 2013 WL 6085980, *11 (N.D. Ala. Nov. 19, 2013) (citing numerous cases).

To the extent the Johnsons claim the reference to their sexual orientation amounts to a slur, the Sixth Circuit recently concluded that use of anti-homosexual slurs does not raise

otherwise non-actionable conduct to a constitutional violation. *See Ondo v. City of Cleveland*, 795 F.3d 597, 607 n.3 (6th Cir. 2015) ("Although Plaintiffs repeatedly asserted that the police allegedly uttered anti-homosexual statements, they correctly concede in their reply brief that the uttering of slurs or epithets by police officers—while completely inappropriate—is not unconstitutional."); *see also Williams v. Sandel,* 433 F. App'x 353, 362 (6th Cir.2011); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) ( "Name calling is not a constitutional violation.").

Similar to the plaintiff in *Spicer v. Collins*, 9 F. Supp. 2d 673, 683 (E.D. Tex. 1998), Plaintiffs herein "[do] not allege the threats and insults were accompanied by any wanton acts of cruelty." The Fifth Circuit has succinctly held that, "A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation." *Citizen Action Fund v. City of Morgan City,* 154 F.3d 211, 216 (5th Cir.1998), *withdrawn on other grounds,* 172 F.3d 923 (5th Cir.1999). Accordingly, Officer Calhoun's verbal conduct as alleged in the Johnsons' complaint, without more, does not state a claim for a constitutional violation in either an official or individual capacity.

**2. The Mayor, Carolyn McAdams**

Plaintiffs' allegations against Mayor McAdams are as follows: "Then I went to the Mayor['s] office to do a complaint with her and she told me to leave her office that she will support her police officer. I told her [ever since] I moved here in 2014 I have been [harassed] by the police department. I have filed 20 complaints against the police department and have nothing been done about it." Complaint [1] at 3.

There is no *respondeat superior* liability under Section 1983. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002). In *Thompkins*, the Fifth Circuit explained what is required in order for a supervisor to be held liable under Section 1983:

> Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *E.g., Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985) (per curiam); *see \*304 also Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 1297–98, 1298 n. 7, 89 L.Ed.2d 452 (1986) (discussing rule that vicarious liability does not apply in claim brought under section 1983). However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Harvey v. Andrist,* 754 F.2d 569, 572 (5th Cir.), *cert. denied,* 471 U.S. 1126 (1985).

*Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

Thus, Mayor McAdams is responsible only if the Johnsons allege her personal involvement in an alleged constitutional violation or a causal connection between an alleged constitutional violation and some other wrongful act. *See id.* Such wrongful conduct must evince "deliberate indifference" and can be shown by a failure to train or supervise employees or that she implemented a policy clearly repudiating citizens' constitutional rights. *See Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

The Johnsons do not allege Mayor McAdams was present on September 30, 2015, or that she participated in the events alleged to have occurred that day. The Johnsons likewise do not allege what aspect of Mayor McAdams' conduct is causally connected to a constitutional violation – they merely allege she chose not to punish the officers after the fact. Pursuant to *Thompkins*, this is not a basis for Section 1983 liability in either an official or individual capacity. *Thompkins*, 828 F.2d at 303-04.

Moreover, to the extent the Johnsons' complaint might be read to allege that Mayor McAdams has acquiesced in alleged harassment, this claim also fails, because the Johnsons claim of "harassment" by the police department – if anything – merely is a "legal conclusion[...] masquerading as [a] factual conclusion." *See Taylor*, 296 F.3d at 378; *see also Iqbal*, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do"). Finally, if such alleged "harassment" is merely verbal, such fails, in any capacity, to state a claim for the reasons discussed above.

**B. The Allegation that the Officers Tried to Force the Plaintiffs to Have Sex**

The Johnsons' final allegation is that: "The police officer tr[i]ed to force us to have sex with them." Complaint [1] at 3. Such an allegation is conclusory and completely devoid of factual support. *Cf. Iqbal*, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do").

The Johnsons' allegations do not include any facts or circumstances in support of the conclusory vague allegation that the officers tried to force Plaintiffs to have sex, and as noted above, mere verbal threats are insufficient to state a claim. *See Robertson*, 70 F.3d at 24.

## Conclusion

For the foregoing reasons, the court finds that the claims asserted in the original complaint filed by Plaintiffs fail to state a cognizable federal cause of action against any Defendant in either an official or individual capacity under Fed. R. Civ. Pro. 12(b)(6); however, because of the Plaintiffs' *pro se* status, the court will permit the Plaintiffs a further opportunity to amend their allegations as concern events occurring on September 30, 2015, so as to actually state a cause of action over which this Court has jurisdiction.

Because the court has this date already allowed an amendment to the original complaint to cover alleged events occurring on a date subsequent to September 30, 2015, any proposed further amendment as outlined in this order should be an amendment to that newly amended complaint. Specifically, to the extent Plaintiffs wish to pursue claims arising from the events of

September 30, 2015, they are directed to file a motion to amend the newly amended complaint and attach to that motion a proposed 2nd amended complaint which states sufficient facts to give rise to claims concerning the events of September 30, 2015, over which this court has federal jurisdiction.

This Court instructs Plaintiffs to describe in detail the facts and circumstances surrounding the events of September 30, 2015, including, but not limited to, who was present, what precisely were the efforts to try to force them to have sex, who made those efforts, were the efforts carried out, was there touching, if so, who touched whom and under what circumstances and where, etc. Plaintiffs must file such motion to amend within twenty-one (21) days from today's date.

SO ORDERED, this the 2nd day of August, 2016.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**